```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


OSCAR PEREZ-LOPEZ,                :

      Petitioner,                 :
                                      CIVIL ACTION 12-0597-KD-M
v.                                :
                                      CRIMINAL ACTION 04-00229-KD-M
UNITED STATES OF AMERICA,         :

      Respondent.                 :
```

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docs. 93-94) and Respondent's Motion to Dismiss (Doc. 96). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Respondent's Motion to Dismiss (Doc. 96) be granted, that Petitioner's Motion to Vacate (Docs. 93-94) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Oscar Perez-Lopez. It is further recommended that any

certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Perez-Lopez was indicted on November 17, 2004 for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (count one); distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (count two); and forfeiture (count three) (Doc. 15). At Petitioner's trial, Perez-Lopez was found guilty of counts one and two and that he was subject to forfeiture in the third count (*see* Doc. 59). Judge DuBose sentenced Petitioner to 300 months imprisonment on count one and 240 months on count two, the terms to be served concurrently, as well as five years of supervised release on count one and three years on count two, to be served concurrently, following his release from prison, and an assessment of two hundred dollars (Doc. 66).

Perez-Lopez appealed his conviction (Doc. 65) which was affirmed by the Eleventh Circuit Court of Appeals (Doc. 85). The United States Supreme Court denied Petitioner's motion for *certiorari* on October 21, 2008 (Doc. 90).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on September 7, 2012[1] in

---

[1] On September 7, 2012, Petitioner filed a pleading seeking habeas relief under 28 U.S.C. § 2255 (Doc. 91). Because the pleading was not on this Court's form, Perez-Lopez was ordered to refile his motion on

which he raises the single claim that his trial attorney rendered ineffective assistance (Docs. 93-94).  Respondent filed a Motion to Dismiss on November 2, 2012 (Doc. 96) to which Petitioner replied (Doc. 98).

Before taking up Perez-Lopez's claim, the Court notes that Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 96, pp. 2-6).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2255.  The specific provisions state as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> \*\*\*
>
> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--

---

this Court's forms (Doc. 92) which he did on October 10, 2012 (Docs. 93-94).

>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  The AEDPA became effective on April 24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on October 21, 2008 when the U.S. Supreme Court denied his petition for *certiorari* (*see* Doc. 90).  *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of *certiorari*, or when the time for filing a *certiorari* petition expires").  Petitioner's Motion to Vacate was filed on September 7, 2012 (Doc. 91), so it was filed well beyond the one-year

limitations period.

Perez-Lopez has argued (Docs. 94, 98), however, that the statute of limitations period did not begin to run until the United States Supreme Court had entered its decisions in two different cases: *Lafler v. Cooper*, --- U.S. ---, 132 S.Ct. 1376, 182 L.Ed.2d 398, --- (2012); *Missouri v. Frye*, --- U.S. ---, 132 S.Ct. 1399, 182 L.Ed.2d 379, --- (2012). In those cases, entered on March 21, 2012, the Supreme Court discussed ineffective assistance of counsel as it related to the attorney's communication of proffered plea agreements to a criminal defendant.

The Government has argued otherwise, however. Specifically, Respondent points to *In re Perez*, 682 F.3d 930, 932-33 (11th Cir. 2012), in which the Eleventh Circuit Court of Appeals held that neither *Frye* nor *Lafler* announced new rules of law as they were merely applying the law regarding ineffective assistance to the factual circumstances at hand.  As such, Petitioner cannot avail himself of 28 U.S.C. § 2255(f)(3) and this action comes too late.  This action is time-barred.

Perez-Lopez has raised a single claim in this petition.  However, this action is time-barred.  Therefore, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent,

the United States of America, and against Petitioner Oscar Perez-Lopez.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Perez-Lopez did not file this action in a timely manner, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that

6

Perez-Lopez should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2255, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(B); S.D. Ala. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the

7

basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 6th day of June, 2013.

s/BERT W. MILLING, JR.<br>
UNITED STATES MAGISTRATE JUDGE